JOSEPH KELLER v PERRY HANNAH, DAVID J. PARSONS AND JOHN J. BUSH.

*Good faith of second mortgagee.*

The good faith of a second mortgagee in taking his mortgage on the strength of a forged discharge of the former one, is no defence to the foreclosure of the earlier mortgage if the holder had nothing to do with deceiving the later mortgagee. And as the foreclosure is an original equity proceeding which covers all questions as to the validity and amount of the security, the question of forgery is for the court to decide and not for a jury.

Appeal from Manistee.  (Judkins, J.)   Jan. 22.—Feb. 6.

BILL of foreclosure. Defendant Hannah appeals. Affirmed.

*A. V. McAlvay* for complainant.

*Ramsdell & Benedict* for defendant Hannah.  A bona fide purchase for value without notice, is a good defense not only against all prior equities, but against all adverse proceedings in equity: *Bassett v. Nosworthy* 2 Lead. Cas. in Eq. 49; *Howell v. Ashmore* 1 Stock. 82; *Demarest v. Wynkoop* 3 Johns. Ch. 147; *Hagthorp v. Hook* 1 Gill & J. 270; *Goodtitle v. Cummins* 8 Blackf. 179; *Varick v. Briggs* 6 Paige 323; *Owings v. Mason* 2 A. K. Marsh. 380; *Magwood v. Lubbock* 1 Bailey's Eq. 382; *Heilner v. Imbrie* 6 S. & R. 401; *Jones v. Powles* 3 Myl. & K. 581; *Cottrell v. Hughes* 15 C. B. 532, 554; *Boyce v. Waller* 2 B. Mon. 91; *Ledyard v. Butler* 9 Paige 132; *Frazer v. Western* 1 Barb. Ch. 220; *Wood v. Mann* 1 Sumn. 507;

*Rowley v. Bigelow* 12 Pick. 307; *Hood v. Fahnestock* 8 Watts 489; *Erskine v. Decker* 39 Me. 467; *Coleman v. Cocke* 6 Rand. 618; *Baggarly v. Gaither* 2 Jones Eq. 30; *Lamont v. Stimson* 5 Wis. 443.

CAMPBELL, J. Complainant filed his bill to foreclose a mortgage given him in 1878 by David Parsons and wife. Defendant Hannah holds a subsequent mortgage from Parsons, which he was induced to take by the representation that complainant's mortgage had been discharged of record. The record contains a discharge, apparently regular in form, and purporting to be made by complainant and acknowledged in another state. Complainant asserts this to have been a forgery. The court below so held it, and ordered foreclosure.

The only legal position taken for Hannah on this hearing is, that he should have this question tried by jury, and that he should not be molested because he is a bona fide mortgagee. This latter point has no force, because if the discharge is forged complainant has both a legal and an equitable right, superior in time to Hannah's, and it is not his fault that the latter was deceived. Neither is there any ground for the other claim, because the foreclosure of a mortgage is an original equity proceeding, and all questions touching the validity and amount of the security must be litigated in the suit.

There is no serious question of fact in the case. The forgery is positively made out, and there is no testimony whatever to throw substantial doubt upon it.

The decree must be affirmed with costs.

The other Justices concurred