119    301
s77NW  935
e132   229

## LOWRY v. BENNETT.

1. MORTGAGES — ASSIGNMENT AS COLLATERAL — AUTHORITY OF ASSIGNEE.

    One who holds an assignment of a mortgage as collateral security may receive payments and give a valid discharge; especially if the assignment in terms authorizes him to do so.

2. SAME—ERRONEOUS ENTRY OF DISCHARGE—CONSTRUCTIVE NOTICE —BONA FIDE PURCHASER.

    A purchaser of real property is not chargeable with constructive notice by the terms of an indorsement by an assignee of a mortgage on the land, opposite the record of the mortgage in the office of the register, reading, "In consideration of the full payment of all moneys secured to be paid, I hereby discharge the same of record," that the indorsement was intended to refer to an assignment of the mortgage as collateral security, and not to the mortgage itself.

Appeal from Van Buren; Buck, J. Submitted January 3, 1899. Decided January 20, 1899.

Bill by George Lowry against Alvin Bennett and others to foreclose a mortgage. From a decree for complainant, defendant Bennett appeals. Reversed.

*T. J. Cavanaugh*, for complainant.

*Benjamin F. Heckert* and *Howard, Roos & Howard*, for appellant.

MONTGOMERY, J. This is a bill brought to foreclose a mortgage given September 27, 1886, by James Lowry to the complainant. The mortgage is in the sum of $400, payable five years from date, with the privilege of paying $100 or more at the end of any year after the first two years. This mortgage was duly recorded, and on the 15th day of January, 1887, an assignment of the mortgage was made to the Paw Paw Savings Bank. This

assignment constituted the assignee the attorney of the assignor, to, in case of payment, give acquittance or sufficient discharge as fully as the assignor might do, and contained a recital that the assignment was made as collateral to a loan of $100, made, at the date of the assignment, by the bank to George Lowry. On the 2d of January, 1889, the cashier of the bank, in the presence of the register of deeds, entered opposite the record of the mortgage in the office of the register an indorsement reading:

"In consideration of the full payment of all moneys secured to be paid, I hereby discharge the same of record as cashier of the Paw Paw Savings Bank.

                      "John W. Free,
          "Cashier of Paw Paw Savings Bank."

The defendant Bennett, on the 30th of January, 1889, bought a portion of the land covered by the mortgage, in good faith, relying on an abstract showing a discharge of the mortgage. He also gave testimony tending to show that complainant was present at the time he made this purchase, and that he assured him that the mortgage was paid. The court found against the defendant on this question of fact, and we think rightly. The complainant gave testimony showing conclusively that the entry opposite the mortgage was a mistake; that the intention was to discharge the assignment, and not the mortgage. The question, therefore, is whether the complainant is, notwithstanding the discharge, entitled to foreclose the mortgage as against defendant Bennett. The circuit court held that he was, and defendant Bennett appeals.

The complainant contends that the recital in the assignment that the same was made as collateral to a loan was notice limiting the right of the assignee to receive payment and discharge the mortgage, and that the wording of the discharge itself was unusual, inasmuch as the mortgage was not named in the release; that, at least, the purchaser was put upon inquiry by these circumstances. We think it is clear that one who holds an assignment of a mortgage as collateral security may receive payment and give a valid

discharge. 1 Jones, Mortg. § 963. This is generally true, but more certainly is it true when, as in the present case, the assignment contains an express authority to receive payments and give a discharge. We discover nothing in the wording of the discharge which, taken alone or read in connection with the assignment, suggests the idea that it was intended to apply to any other than the mortgage itself. It was entered on the margin of the mortgage, and it is very technical to say that it does not refer to it. Moreover, the use of the word "discharge" is not common in referring to an assignment of a mortgage. The defendant is entitled to protection as a good-faith purchaser. *Sheldon* v. *Holmes,* 58 Mich. 138; *Ferguson* v. *Glassford,* 68 Mich. 36; *Moran* v. *Roberge,* 84 Mich. 600.

Decree reversed and bill dismissed as to defendant Bennett.

The other Justices concurred.