### WOOD v. DePEW.

1. MORTGAGES—DISCHARGE—FAILURE OF CONSIDERATION.
    Where consideration for discharge of mortgage by mortgagee
    was his lifetime support by mortgagors in their home, failure
    to furnish such support resulted in failure of consideration.

2. SAME—RESTORATION OF MORTGAGE.
    In suit to restore mortgage, consideration for discharge of
    which was mortgagee's lifetime support by mortgagors, but
    which they failed to furnish, decree of court below restoring
    mortgage for balance found due after accounting between
    parties is affirmed, on appeal.

Appeal from Allegan; Cross (Orien S.), J. Submitted January 17, 1930. (Docket No. 76, Calendar No. 34,752.) Decided April 7, 1930.

Bill by Frank H. Wood against Olah I. DePew and others for an accounting and to restore a mortgage for the amount found due. From a decree for plaintiff, defendants DePew appeal. Affirmed.

*Earl L. Burhans* and *David Anderson,* for plaintiff.

*Leo W. Hoffman* and *Clare E. Hoffman,* for defendants DePew.

WIEST, C. J. Advised by a man of sense to not discharge a mortgage for $2,710 he held upon the farm of defendants and take their word to furnish him with a home and support for life, plaintiff exercised his own senile judgment and discharged the

mortgage, and, after a time, not receiving the home and support promised, invoked the aid of the court of equity to obtain restoration of the mortgage in an amount found to be just. Plaintiff, by decree in the circuit court, had restoration of the mortgage to the amount of $1,989.93. The case is here by defendants' appeal.

Defendants have not for some time furnished plaintiff with a home and support. They express willingness to do so now. The willingness comes too late. Defendants for a time lived upon the farm and there supported plaintiff, but moved to Fennville and later to Grand Rapids, and finally left plaintiff to shift for himself. The consideration for discharge of the mortgage was lifetime support of plaintiff by defendants in their home. By defendants' acts and neglect there has been failure of such consideration.

The circuit judge, in stating the account, did the best he could under the evidence, and we feel that his conclusions should not be disturbed. As stated by the circuit judge:

"In asking for an accounting both parties make charges against the other, and it is evident that at the time there was no intention to make such charges."

Crediting defendants with the reasonable value of the support they furnished plaintiff and with money given him, and charging them with labor performed for them by plaintiff and money given by him to them and expended in their behalf, leaves the sum of $1,989.93 as the principal amount now due upon the mortgage. For this amount the mortgage is restored to full effect.

A review of the evidence would but pad this opinion and be of no benefit to the profession.

The decree in the circuit court is affirmed, with costs to plaintiff.

Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred. McDonald, J., did not sit.