*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  11b0007n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   KIMBERLY C. EMERSON, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| THOMAS C. RICHARDSON, TRUSTEE, | ) |
| | ) |
| Plaintiff-Appellant, | )   No. 11-8015 |
| | ) |
| | ) |
| v. | ) |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan, at Grand Rapids.
Bankruptcy Case No. 09-09534; Adversary Case No. 10-80055.

Argued:  August 17, 2011

Decided and Filed:  October 7, 2011

Before:  BOSWELL, RHODES, SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** John T. Piggins, MILLER JOHNSON, Grand Rapids, Michigan, for Appellant. Melissa
C. Brown, DYKEMA GOSSETT PLLC, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** John
T. Piggins, MILLER JOHNSON, Grand Rapids, Michigan, for Appellant.  Melissa C. Brown,
DYKEMA GOSSETT PLLC, Grand Rapids, Michigan, for Appellee.

------------------

**OPINION**

------------------

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. This is an appeal by Thomas C. Richardson, the Chapter 7 Trustee (the "Trustee"), from an order of the bankruptcy court granting summary judgment to Citimortgage, Inc. ("Citimortgage") and denying summary judgment to the Trustee on his avoidance action pursuant to 11 U.S.C. § 544(a)(3). The Trustee argues that Citimortgage's mortgage on the debtor's Property (defined below) was released upon the filing of a "Certificate of Discharge" and that Citimortgage's attempt to "reperfect" the mortgage failed. Therefore, the Trustee argues that as a hypothetical bona fide purchaser he has priority over the interest of Citimortgage in the debtor's Property. For the reasons set forth below, we AFFIRM the order of the bankruptcy court.

## I.  ISSUE ON APPEAL

Whether the bankruptcy court erred when it held that under Michigan law a trustee, standing in the shoes of a hypothetical bona fide purchaser, had constructive notice of a mortgage that had been erroneously discharged by a certificate of discharge that was subsequently rescinded.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the BAP and none of the parties elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1), (b)(6) and (c)(1). For purposes of an appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order denying the Trustee's motion for summary judgment and granting Citimortgage's motion for summary judgment is a final order. *See Thomas v. United States*, 166 F.3d 825, 828 (6th Cir. 1999) (denial of summary judgment presented together with an appeal from a grant of summary judgment is final and appealable).

The BAP reviews the bankruptcy court's final order granting Citimortgage's motion for summary judgment and denying the Trustee's motion for summary judgment *de novo*, using the same standard applied by the trial court. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 595-96 (6th Cir. 2001). Thus, an appellate court decides the issues of law independently of, and without deference to, a trial court's determinations. *Drown v. Nat'l City Bank* (*In re Ingersoll*), 420 B.R. 414, 415 (B.A.P. 6th Cir. 2009). The bankruptcy court's findings of fact are reviewed under the clear-error standard. *Behlke v. Eisen* (*In re Behlke*), 358 F.3d 429, 433 (6th Cir. 2004). Cross-motions for summary judgment do not alter this standard. *See Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship*, *S.E.*, 615 F.3d 45, 51 (1st Cir. 2010).

## III.   FACTS

The facts in this case are not disputed. Kimberly Emerson (the "Debtor") owns real property located at 433 Sunnyshores Dr., Coldwater, MI 49036 (the "Property"). On July 31, 2007, the Debtor granted ABN AMRO Mortgage Group Inc. ("ABN AMRO") a mortgage on the Property (the "Mortgage"). On August 10, 2007, the Mortgage was recorded by the Branch County Register of Deeds ("Register of Deeds"). As a result of a merger in late August 2007, Citimortgage is the successor in interest of ABN AMRO to the Mortgage. All of the parties agree that in August 2007 the Mortgage was properly perfected and unavoidable by a bankruptcy trustee.

Although the Debtor's payment obligation had not been satisfied, Citimortgage executed a Certificate of Discharge on December 17, 2007 (the "Discharge") and caused it to be recorded with the Register of Deeds on December 26, 2007. The erroneous Discharge was signed by an executive of Citimortgage, properly notarized and recorded. All of the parties agree that the recording of the Discharge rendered the Mortgage unperfected. The Debtor continued to make payments as agreed under the note secured by the Mortgage until July 2009.

In February 2008, Citimortgage realized that it had mistakenly executed and recorded the Discharge. Thereafter, on February 25, 2008, Citimortgage executed a document titled a Rescission of Release of Mortgage and Reinstatement of Mortgage (the "Rescission") which provides that the Discharge "was executed in error, and that said Deed of Trust has not been fully satisfied or paid, and that said Release of Mortgage is hereby withdrawn, cancelled and declared of no force or effect, and the lien of said Deed of Trust on the property described herein shall be unaffected by such

erroneous Release of Mortgage." The Rescission contained the signature of an officer of Citimortgage and was properly notarized. The Rescission was recorded with the Register of Deeds on March 5, 2008.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 11, 2009 (the "Petition Date"), more than one year after the Rescission was recorded.

Thomas C. Richardson was appointed as the Chapter 7 trustee.

The Trustee filed an adversary proceeding seeking to avoid Citimortgage's interest in the Property pursuant to his strong-arm powers provided for in 11 U.S.C. § 544(a)(3). Cross-motions for summary judgment were filed. Following a lengthy oral decision, the bankruptcy court entered an order granting summary judgment in favor of Citimortgage and against the Trustee. The Trustee timely filed a notice of appeal

## IV.    DISCUSSION

The Trustee argues that when Citimortgage recorded the Discharge, the Mortgage became unperfected, and Citimortgage's Rescission did not "re-perfect" the Mortgage. Thus, the Trustee argues that under 11 U.S.C. § 544(a)(3) he can avoid Citimortgage's unperfected security interest in the Property. The Trustee acknowledges that, under Michigan law an erroneously discharged mortgage may, in certain circumstances, become "re-perfected," but argues that, in this case, the Rescission is ineffective because it was not signed by the mortgagor. In contrast, Citimortgage argues that because the Mortgage was properly perfected originally, the Discharge and Rescission were properly executed conveyances under Michigan law and operated to "re-perfect" the Mortgage. As a result, Citimortgage's argument continues, the Trustee cannot avoid Citimortgage's interest using 11 U.S.C. § 544(a)(3).

Section 544 of the Bankruptcy Code gives the Trustee the power to avoid a mortgage, if under applicable state law, a hypothetical bona fide purchaser could avoid the mortgage. 11 U.S.C. § 544(a)(3).[1] Thus, the question is whether a bona fide purchaser under Michigan law could avoid

---

[1]The Trustee cites to *Turner Lewis v. Pub. Serv. Credit Union* (*In re Neal*), 406 B.R. 288 (Bankr. E.D. Mich. 2009). In *Neal*, the bankruptcy court dealt with cross motions for summary judgment in the trustee's adversary proceeding seeking to avoid the credit union's mortgage on the debtor's residence. The published opinion is the result of the court's analysis under 544(a)(1). In the published opinion, the

the Mortgage and whether the Trustee would be considered a bona fide purchaser of the Property under Michigan law. *Treinish v. Norwest Bank Minn.* (*In re Periandri*), 266 B.R. 651, 655 (6th Cir. 2001) ("[S]tate law determines the extent of the trustee's rights under § 544(a)(3).").

As discussed below, under Michigan law an erroneously discharged mortgage can have priority over a subsequent lienholder, even one without notice. "There are many circumstances in which equity may be justified in restoring or reinstating a mortgage which has been discharged of record, at least if the interests of innocent third parties do not intervene." C. C. Marvel, *Reinstatement and Restoration of Mortgages Released or Discharged Without Authorization, As Against Subsequent Purchasers, Lienholders, Judgment Creditors and The Like, Without Notice*, 35 A.L.R. 2d 948, § 2 (originally published in 1954) (footnote omitted). In deciding whether a mortgage can or cannot be restored or reinstated, the touchstone for most courts has been the extent of the mortgagee's involvement in the mistaken discharge and the impact on subsequent lienholders. *Id.*

> [I]t is the overwhelming weight of authority that a mortgage released or discharged entirely without the authority, knowledge, or fault of the mortgagee, may be restored, reinstated, foreclosed, or given precedence, even as against the rights of a subsequent purchaser or encumbrancer entirely without notice of the illegal nature of the release.
>
> A theory advanced in support of this position has been that, both parties being innocent, the equities are balanced and rights in order of time must prevail. The most common types of situations are those in which one entrusted with the public record made entry of satisfaction or discharge by mistake, or in which the same official was induced to make such entry upon presentation of a forged satisfaction or release. In the latter case, the courts are firm in their refusal to allow one to be deprived of property through the equivalent of a theft. The position of a mere judgment creditor as contrasted with that of a purchaser or one who has loaned money on the strength

---

bankruptcy court analyzed whether the credit union had a properly perfected mortgage interest sufficient to overcome the interest of a judicial lien creditor. The bankruptcy court found that recording an affidavit of lost mortgage was insufficient to perfect a mortgage interest as if the original had been properly recorded. Therefore, the bankruptcy court found the mortgage avoidable under § 544(a)(1) and as a preference under § 547(b). In an unpublished order on the cross motions for summary judgment, the bankruptcy court previously had found against the trustee under § 544(a)(3) and granted summary judgment to the credit union as to the trustee's claim under § 544(a)(3). *In re Neal*, Adv. Case No. 08-5147 (Bankr. E.D. Mich. Feb. 18, 2009, Order Regarding Cross Motions for Summary Judgment). The bankruptcy court then scheduled additional briefing with respect to the trustee's claims under § 544(a)(1). The published opinion cited above appears to be the Court's analysis under § 544(a)(1). *In re Neal* is also distinguishable from the facts in this case, given the agreement that the Mortgage, which is the subject of this appeal, as recorded on August 10, 2007 was a properly executed mortgage that perfected the security interest and provided notice, actual and constructive, to the world.

of the record-clear security is even weaker, since he has given up nothing in reliance upon the record, but merely seeks to have satisfaction out of available property.

Where there are elements of negligence on the part of the mortgagee which may be said to have enhanced the possibility of the unauthorized release, a subsequent purchaser or encumbrancer without notice may be protected, frequently on the theory that, of two innocent parties, the loss should fall upon the one whose conduct made the loss possible.

*Id.* (citations and footnotes omitted). Where, as here, the release is the result of the mortgagee's actions,

The right of the mortgagee to have his mortgage reinstated or its precedence maintained as against subsequent purchasers or encumbrancers without notice is qualified upon his freedom from negligence with respect to the creation of the circumstances which made possible the release or discharge without his authorization. The presence of negligence may give rise to an estoppel against the mortgagee to assert his prior lien, frequently under the rule that where a loss must be borne by one of two innocent parties, the loss will fall upon the one whose conduct enabled the loss to be occasioned.

*Id.* at § 6.

Michigan law adheres to these principles. *See Johns v. Dover*, Case No. 2007-080637-CH, 2010 WL 2696656 (Mich. Ct. App. July 8, 2010)(unpublished).

[A] forged discharge of mortgage, through no fault of the mortgagee, has no effect. *Keller v. Hannah*, 52 Mich. 535, 536; 18 NW 346 (1884). Moreover, a recorded forged discharge does not allow a subsequent mortgagee to have priority over the first-in-time mortgagee. *Id.* The rationale for this principle is that the original mortgagee should not be punished when it was not the first-in-time mortgagee's fault that the latter mortgagee was deceived. *Id.* This type of treatment of forged documents is pervasive throughout Michigan case law, where even a good-faith purchaser is afforded no protections when a forged deed is used to acquire property interests. *See Horvath v. Nat'l Mortgage Co.*, 238 Mich. 354, 360; 213 NW 202 (1927); *Special Property VI v. Woodruff*, 273 Mich. App 586, 591; 730 NW2d 753 (2007); *VanderWall v. Midkiff*, 166 Mich. App 668, 685; 421 NW2d 263 (1988) . . . .

[C]ases such as *Lowry v. Bennett*, 119 Mich. 301; 77 NW 935 (1899), and *Ferguson v. Glassford*, 68 Mich. 36; 35 NW 820 (1888), mandate that [subsequent mortgagees] should prevail because they afford protections to bona fide purchasers. However, these cases dealt explicitly with discharges that were recorded intentionally, but mistakenly, by the original mortgagee. *Lowry*, 119 Mich. at 302; *Ferguson*, 68 Mich. at 37, 39.

*Johns*, 2010 WL 2696656, at *2.  Citimortgage concedes, had the bankruptcy been filed in between the recording of the Discharge and the Rescission, it is likely that the Trustee would prevail in an action against Citimortage.

However, unlike those cases where an intervening interest arose before the  record had been corrected, this bankruptcy case was filed long after Citimortgage took action to correct the public record by filing its Rescission.  The state of the real estate record was clarified well in advance of the Petition Date.  As the bankruptcy court noted, the real estate records in this case would reveal the Mortgage, the Discharge and the Rescission.  The language of the Rescission states clearly the mortgagee's belief that the Discharge was mistakenly recorded and should be considered to be of no further effect.  Under Michigan law, "when a person has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries concerning the possible rights of another in real estate, and fails to make them, he is chargeable with notice of what such inquiries and the exercise of ordinary caution would have disclosed." *Richards v. Tibaldi*, 726 N.W.2d 770, 780 (Mich. Ct. App. 2007).  The Rescission announced that the Discharge was mistaken.  Any purchaser looking at the record would be aware of the Mortgage, the Discharge and the Rescission.  As the bankruptcy judge noted in his oral decision,

> [T]here is a mortgage on record; it was not expunged.  And anybody who looks at the record will see [a] valid mortgage, discharge of mortgage, rescission of the discharge, in effect, wiping out the discharge....The trustee will see that.  The real estate person will see it.   The title company will see it.   And so, in this instance, there's constructive notice.

Transcript, page 31.

> In *Ferguson v. Glassford*, 35 N.W. 820 (Mich. 1888), the court found that
>
> where a mortgage has been discharged from the record through mistake, it may be restored in equity, and given its original priority as a lien, when the rights of innocent third parties will not be affected. . . . [T]he simple cancellation of a mortgage is not an absolute bar to foreclosure, unless there has been actual satisfaction.  It is not conclusive evidence.

*Id.* at 826.  This suggests that under Michigan law, the impact of the Discharge on the Mortgage was not to expunge the Mortgage or make it as if it never had been filed.  It was to change the perfected status of the mortgagee's lien as against subsequent lien holders who relied on the state of the public records.  The obligation between the Debtor and Citimortgage remained in place.  *See French v. De*

*Bow*, 38 Mich. 708 (1878) (a mistakenly discharged mortgage should be restored in equity), and *Wood v. De Pew*, 230 N.W. 175 (1930) (discharged mortgage restored in equity). Relying on *French* and *Wood*, the Trustee argues that the Discharge not only destroyed the perfection of Citimortgage's interest in the Property but also extinguished the lien as a matter of law. Therefore, the Trustee's argument continues, the Rescission must be a conveyance under Michigan law in order for Citimortgage's interest to have priority over his interest as a hypothetical bona fide purchaser.

As the Trustee himself recognized, however, equitable principles allow for the restoration of a mortgage which has been discharged by mistake, if such restoration does not detrimentally affect the rights of an innocent third party, such as a bona fide purchaser of real property. *Ferguson*, 35 N.W. at 826. The Discharge, though it altered the perfection of Citimortgage's interest in the Property, did not affect the Debtor's obligation to Citimortgage. Under this authority, we find that a Michigan state court would, given the circumstances of this case, give effect to the Rescission, treat the Mortgage as reinstated and accord Citimortgage's lien interest priority over subsequent lienholders whose interests arose after the Rescission was filed. Whether the Rescission was a conveyance under Michigan law is not the point. Applying Michigan law, the existence of the Rescission in the public records, coupled with the Mortgage, is sufficient to place a subsequent lienholder on inquiry notice of the properly perfected Mortgage. Therefore, under the facts of this case and Michigan precedent, the Trustee would be treated as having constructive notice of the Mortgage that had been erroneously discharged by a certificate of discharge once that discharge was subsequently rescinded. Thus, the Trustee cannot avoid Citimortgage's interest under § 544(a)(3).

## V. CONCLUSION

We find that under the facts and circumstances of this case, a Michigan state court, in equity, would recognize the efficacy of a mortgagee's rescission of the erroneously filed Discharge and give the mortgagee priority over holders of liens arising after the date the mortgagee filed a document in the public records making clear that the discharge was erroneously filed. Therefore, we AFFIRM the bankruptcy court's grant of summary judgment to Citimortgage and against the Trustee.