.ALBERT H. PETRIE v. JOHN TORRENT.

[See 88 Mich. 43; 90 Id. 265; 95 Id. 439; 98 Id. 130.]

*Trust—Accounting.*

An examination of the opinion in connection with the opinion reported in 88 Mich. 43, is essential to a correct understanding of the questions decided.

Appeal from Muskegon. (Dickerman, J.) Argued January 22, 1894. Decided April 17, 1894.

Bill for an accounting. Both parties appeal. Decree modified and affirmed. The facts are stated in the opinion, and in 88 Mich. 43.

*Bunker & Carpenter (Kingsley & Kleinhans,* of counsel), for complainant.

*Smith, Nims, Hoyt & Erwin (Uhl & Crane,* of counsel), for defendant.

McGRATH, C. J. Both parties appeal from an accounting under a decree affirmed in 88 Mich. 43. The facts respecting the original agreement and the decree thereon are so fully set forth in that opinion that it is unnecessary to reiterate.

It is clear that the expenses incurred by either party

prior to the purchase were not to enter into any computation afterwards made; that defendant was to furnish the capital, buy and sell the property; that complainant was to receive for his expenses incurred prior to the purchase, and for his services, one-third of the profits; that defendant, in consideration of the use of his capital, and his services in connection with the disposition of the property, was to receive two-thirds of the profits; and that defendant's advances, and the expenses incident to the retention of the property until sale, and the expenses connected with such sale, should be first realized and paid out of the proceeds of the property. This disposes of defendant's claims for expenses incurred in examining the land prior to the purchase, for services in connection with the sale of the property, for interest on advances and balances his objection to the disallowance of the claim for the bonus alleged to have been paid by him for the purpose of raising the money used in the purchase, and his objection to the charge against him for the rebate upon the purchase price, which was allowed him by reason of the cash payment of a part of such purchase price. Complainant held an option on the property, and brought to defendant's attention a transaction involving a large expenditure, but promising a margin of several hundred thousand dollars. Before the purchase, complainant had negotiated a sale of one of the tracts, and within a few days after defendant had made the first payment the transaction is credited with $370,000, received from the sale so negotiated. Foresight and inventive genius are valuable, although the individuals entitled to credit for the same are ofttimes deprived of the legitimate results. For his foresight and the option held by him, complainant was to receive one-third of the profits. He contracted for the use of defendant's capital, and his executive ability, to be employed in the disposition of the property, and in consideration thereof defendant was to receive two-thirds of

the profits. It was a matter of no moment to complainant what bonus defendant would in turn have to pay in order to command that capital. It was not credit, but capital, that complainant contracted for; and the only bonus that he agreed should be paid therefor was two-thirds of the profits. The total sum paid out by defendant from October 23, 1886, to December 31, 1891, in excess of the purchase price, is less than $45,000, and at the close of the year 1888 he had in his hands a surplus, and at the close of the year 1891 that surplus reached nearly $260,000.

Complainant was also entitled to his share of any advantage secured by defendant by reason of the use of cash in the transaction. The purchase was made October 23, 1886. Defendant paid $500,000 in cash, and gave two notes for $134,589 each,—one for one year, without interest; the other for two years, with interest after the first year at 6 per cent. In addition to the $370,000 aforesaid, within 90 days after the purchase defendant received from the sales of said property notes and cash aggregating $288,400, paid his notes, and received a rebate of $5,364.05. We think that the transaction was entitled to be credited with the sum so rebated.

Defendant's sixth exception relates to a charge of $3,000. The S. C. Hall Lumber Company owned a mill and other property, which was subject to an indebtedness of $15,000. Defendant exchanged the Long Lake mill, which was a part of the property embraced in the deal, for the lumber company's mill, and received a note for $3,000, which was afterwards collected. He then sold the Hall mill and property connected therewith, the purchaser paying him $5,000 in cash and assuming the indebtedness to which the property was subject. Out of the transaction defendant realized $8,000, but charged himself with the $5,000 only. The charge of $3,000 was proper.

Defendant's eighth exception relates to interest received by him upon notes given upon purchase of parts of the property. Defendant does not hesitate to charge up notes which were not paid, and, if any of the notes upon which he claims to be entitled to the interest had not been paid, he would certainly have been entitled to charge them up against the transaction if already credited.

A controversy arises in the case respecting the property known as "Stimson Row." It appears that of the property purchased the Traverse mill and lands were valued at $225,000. Complainant was anxious to lumber this tract on his own account, and it was agreed that, if he should procure a capitalist to go in with him, he could take the property at that figure. Complainant found such a party, —one Fay,—but defendant declined to carry out the arrangement, but afterwards himself entered into a copartnership with Fay to operate said tract, said party purchasing a half interest. Defendant, after some months, sold his half interest in said partnership to one Stimson, and received therefor $112,000, as follows: Cash, $910.85; block ten (10) Wood's addition to city of Muskegon, $1,-000; Muskegon Boom Company's stock, $1,255.15; certain pine lands, $24,500; assumed by Stimson of Torrent's indebtedness to Hannah, Lay & Co., $75,334; Stimson row property, $9,000. All of the said property except the boom company stock and the Stimson row has been disposed of. No disclosure is made as to dividends upon the boom company stock. Defendant was not entitled to make choice as to what portion of the property he should retain, and we think that the Stimson row property should be charged up to him as of June 21, 1887, the date of the transaction.

Complaint is made because of the refusal of the court to allow a credit of the sum of $55,000 before decree, but we think it is clear that under the stipulation and receipt

this amount was not to be credited until decree made.

Respecting complainant's claim for an allowance to complainant 'of solicitors' fees, the business was continued after December 31, 1891, and there are large sums yet to be accounted for by defendant.    Whether the suits now pending were instituted at the instance of defendant, and to hinder and harass complainant, will more fully appear when those suits are finally disposed of.    We think that the question of the allowance should be reserved for the future.

The court below made the following computation:

| | | |
|---|---:|---:|
| Total receipts in money to December 31, 1889, Schedule BB | $750,375 | 41 |
| Add note, S. C. Hall Lumber Company, October 29, 1886 | 3,000 | 00 |
| Add rebate, Hannah, Lay & Co. notes, January 31, 1887 | 5,364 | 05 |
| Total receipts to December 31, 1889 | $758,739 | 46 |
| Disbursements to December 31, 1889, Schedule BB | 635,573 | 71 |
| Balance December 31, 1889 | $123,165 | 75 |
| One-third of this | $41,055 | 25 |
| Interest on this to November 1, 1892, at 6 per cent.,—2 years 10 months | $6,979 | 38 |
| Receipts 1890, Schedule BB | $73,116 | 57 |
| Disbursements same time | 7,650 | 23 |
| Balance for 1890 | $65,466 | 34 |
| One-third of this | $21,822 | 11 |
| Interest on this to November 1, 1892, at 6 per cent.,—1 year 10 months | $2,400 | 42 |
| Receipts 1891, Schedule BB | $60,348 | 67 |
| Add discounts on notes | 858 | 14 |
| Add amount from Stimson row | 1,340 | 32 |
| Total receipts, 1891 | $62,547 | 13 |
| Disbursements same year | 2,334 | 31 |
| Balance for 1891 | $60,212 | 82 |
| One-third of this | $20,070 | 94 |
| Interest on this to November 1, 1892, at 6 per cent.,—10 mos | $1,003 | 54 |

| | |
|---|---|
| Interest on first balance | $6,979 38 |
| Interest on second balance | 2,400 42 |
| Interest on third balance | 1,003 54 |
| Total interest on balances | $10,383 34 |
| One-third of balance December 31, 1891 | 82,948 30 |
| Amount due complainant November 1, 1892 | $93,331 64 |

The defendant complains because the court computed interest on the balance December 31, 1889, before the receipts equaled the amount of the original purchase. This would appear to be so upon the face of this computation, but it is not so in fact. When defendant sold a half interest in the Traverse property to Fay he received Fay's notes, aggregating $83,400; and when he sold out the remaining half interest to Stimson the latter agreed to pay, of the balance due Hannah, Lay & Co., the sum of $75,334, and this sum, together with the Fay notes, was actually used to liquidate the balance due from defendant to Hannah, Lay & Co. If credited to defendant, they should also be charged to him, and would simply swell both sides of the account in the sum of $158,734, making no difference in the result. All the other payments to Hannah, Lay & Co. are included in the amount credited.

The account, restated, will be as follows:

| | |
|---|---|
| Total receipts to December 31, 1888 | $622,794 52 |
| Add Hall Lumber Co. note | 3,000 00 |
| Add rebate H., L. & Co. | 5,364 05 |
| Add Stimson row property | 9,000 00 |
| | $640,158 57 |
| Disbursements for same period | 631,979 18 |
| Balance December 31, 1888 | $8,179 39 |
| One-third of balance | 2,726 46 |
| Total receipts for year 1889 | $127,580 89 |
| Disbursements for same period | 3,594 53 |
| Balance December 31, 1889 | $123,986 36 |
| One-third of balance | 41,328 79 |

| | | |
|---|---|---|
| Total receipts for year 1890 | $73,116 | 57 |
| Disbursements for same period | 7,650 | 23 |
| Balance December 31, 1890 | $65,466 | 34 |
| One-third of balance | 21,822 | 11 |
| Total receipts for year 1891 | $60,348 | 67 |
| Add discount on notes | 858 | 14 |
| Total | $61,206 | 81 |
| Disbursements for year | 2,334 | 31 |
| Balance December 31, 1891 | $58,872 | 50 |
| One-third of balance | 19,624 | 16 |

### RECAPITULATION.

| | | |
|---|---|---|
| Balance due complainant December 31, 1888 | $2,726 | 46 |
| Interest, 3 years and 10 mos., to November 1, 1892 | 627 | 08 |
| Complainant's share earnings year 1889 | 41,328 | 79 |
| Interest, 2 years 10 mos. | 7,025 | 88 |
| Complainant's share earnings year 1890 | 21,822 | 11 |
| Interest, 1 year 10 mos. | 2,400 | 42 |
| Complainant's share earnings year 1891 | 19,624 | 16 |
| Interest, 10 mos. | 981 | 21 |
| Due complainant November 1, 1892 | $96,536 | 11 |

Interest will be computed upon this amount until the date of the decree here. From the amount so found defendant is entitled to a credit of the $55,000 hereinbefore referred to. Complainant is entitled to costs.

The other Justices concurred.

---

On June 2, 1894, an application by defendant for a rehearing was submitted, and on June 30 the following opinion was filed:

PER CURIAM. This is an application for a rehearing. The only question presented is as to the item of interest on the sum of $55,000, mentioned at the close of the opinion. Upon reconsideration we have concluded to allow defendant interest at 6 per cent. upon that item from and after the date of the decree below; the same to be credited in the next accounting as of the date of the decree here.