## PETRIE v. TORRENT.

1. ACCOUNTING—STIPULATION—RELEASE AND DISCHARGE.

   Where, pending an accounting, the parties enter into a stipulation providing that, whenever the complainant shall be relieved from liability upon certain outstanding obligations, he will receipt to the defendant for a given amount, to be applied upon any sum that may be found due from the defendant upon such accounting, and, pursuant to such stipulation, the release is secured, the receipt given, and the application made, the

complainant cannot, upon a second accounting in the same suit, compel the defendant to account for any part of the amount so receipted for and credited, merely because the latter obtained such release for less than the face value of the obligations.

2. SAME—APPEAL—COSTS.

An additional allowance for expenses will be made to the complainant in a suit for an accounting, where it appears that, after his right to an accounting had been judicially determined, the defendant, for the purpose of harassing the complainant, and depriving him of his just share of the fund in controversy, instituted various other suits, compelling complainant, in order to protect his interests, to make large expenditures, which would otherwise have been wholly unnecessary.

Appeal from Muskegon; Russell, J. Submitted December 3, 1895. Decided December 24, 1895.

Bill by Albert H. Petrie against John Torrent for an accounting. Both parties appeal. Decree modified and affirmed.

*Bunker & Carpenter (Kingsley & Kleinhans,* of counsel), for complainant.

*Smith, Nims, Hoyt & Erwin (FitzGerald & Barry* and *Francis A. Stace,* of counsel), for defendant.

McGRATH, C. J. This is an appeal from the second accounting under the decree in 88 Mich. 43. The first accounting was before us in 100 Mich. 117. Three questions are involved: (1) The right of defendant to an allowance for bookkeepers' services in connection with the carrying on of the business; (2) the right of complainant to a rebate from the amount of $55,000 ordered credited to defendant upon the last accounting; and (3) the right of complainant to an allowance for solicitors' fees in connection with the litigation to which complainant has been subjected.

1. The court allowed defendant $3,236 for bookkeepers' services for the years 1892, 1893, and 1894. We think

that, under the facts disclosed by the record, this allow-ance should be reduced to $1,200.

2. On March 15, 1892, pending the first accounting, a stipulation was entered into providing—

"That when the above-named complainant and the Petrie Lumber Company are wholly and completely re-lieved from liability on account of any and all commer-cial paper, of every kind and description, upon which they, or either of them, have become liable for the accom-modation of S. R. Howell or S. R. Howell & Company, and also any and all paper on which they have become lia-ble, of which S. R. Howell or S. R. Howell & Company is the maker or acceptor, the said Albert H. Petrie will, when so requested to do by S. R. Howell, sign a receipt to the defendant in this cause for the sum of $55,000, and said sum shall be applied upon any sum that shall be found to be owing by the said defendant in the accounting to be had and taken in this cause; but said application shall be subject to the assignment heretofore made by said complainant to Bunker & Carpenter of an interest of $30,000 in the claim of complainant against the defendant in this cause, to the extent of $25,000 thereof."

In May, 1892, complainant executed the following re-ceipt:

"Received of John Torrent, the above-named defend-ant, the sum of $55,000, to be credited on the decree to be made on the accounting in this cause; said credit to be made subject to the assignment heretofore made by me to Bunker & Carpenter of an interest of $30,000 in my claim in this cause, to the extent of $25,000 thereof."

No objection to this item was made upon the last accounting, and it was ordered credited in the decree thereupon.    By the stipulation, defendant did not under-take to pay any given claim, or any given amount; but complainant did agree that, in consideration of his re-lease from all liability, he would receipt for a given sum. He was so released, and he did so receipt.    He consented to the appropriation of a given sum, and named the con-sideration, which he has received.    No misrepresenta-

tions were made respecting the volume of his liability, and the only claim made is that defendant has obtained that release at less than its face value. The court was right in refusing to compel defendant to account for any part of the $55,000.

3. A claim was made at the last accounting for solicitors' fees, and the question was reserved. This controversy arose in 1886. The appeal in the principal case was here in 88 Mich. 43. The first accounting was finally disposed of in 100 Mich. 117. Other suits have grown out of the transaction. *Stever* v. *Torrent,* 99 Mich. 68; *Petrie* v. *Badenoch,* 102 Mich. 45. Others have been instituted which have not reached this court. It clearly appears that, since the determination of the principal suit, there has been a settled determination on the part of the defendant to harass the complainant, and to deprive him of his just share of the profits of this transaction; that the other suits referred to were instituted by defendant with that end in view; and that complainant has been compelled, in order to protect the fund and his own interests against the attempts of the defendant to absorb that fund, to incur large expenditures, which would have been wholly unnecessary but for the conduct of the defendant.

The decree will be modified as above suggested, with costs to complainant, to be taxed, including an allowance to complainant of $3,000 as expenses. Otherwise, the decree is affirmed.

The other Justices concurred.