CONVERSE v. BARNARD.

1. HOMESTEAD—LAND CONTRACT—ADVANCES BY VENDOR.

   The vendor in a land contract agreed by supplemental contract to advance to the vendee, to enable him to make improvements upon the land, 60 per cent. of the estimated value of such improvements, as the work progressed. The money so advanced was used by the vendee and his wife for the sole purpose of establishing a homestead. Nothing was paid upon the contract. *Held,* that the wife had no claim in equity to homestead rights as against either of the contracts.

2. BILL OF REVIEW—QUESTIONS ONCE PASSED UPON.

   In proceedings by a vendor against a vendee and his wife to foreclose a land contract, both defendants were served with process, and both appeared by solicitor, who interposed a demurrer in the name of both. The demurrer was overruled, an answer filed, a decree for complainant duly entered, and a sale made. The day before the order of confirmation became absolute, the wife made a petition for leave to file a bill of review, claiming that she had not authorized the employment of the solicitor who appeared for her of record, and raising the same questions passed upon by the court upon the demurrer and answer. *Held,* that the petition was properly denied.

Appeal from Kent; Adsit, J. Submitted October 7, 1897. Decided October 25, 1897.

Bill by Costello C. Converse, administrator of the estate
of James W. Converse, deceased, against Bertram W.
Barnard and Mary J. Barnard, to foreclose a land contract
and a contract supplemental thereto.   There was a decree
for complainant, and a sale made, after which, before con-
firmation, Mary J. Barnard petitioned for leave to file a
bill of review.   From an order denying the petition, she
appeals.   Affirmed.

The bill in this case was filed to foreclose a land
contract executed by the deceased, James W. Converse,
to the defendant Bertram W. Barnard, dated September
24, 1885, and another contract supplemental thereto, and
made a part thereof, dated December 2, 1885.   The first
contract was the usual land contract.   By the terms of
the second, Mr. Converse agreed to advance to Mr. Bar-
nard, to enable him to make improvements upon the land,
60 per cent. of the estimated value of such improvements
as the work progressed.   The improvement specified was
a dwelling house.   The two contracts amounted to
$4,871.53.   Defendants paid nothing, and at the date of
sale the amount due was $7,148.84.

The bill was filed December 9, 1895.   Both defendants
were served with process, and an order *pro confesso* was
entered against both.   The order as to defendant Bertram
was set aside, having been prematurely entered.   Both
defendants appeared through a solicitor, Myron H.
Walker, an attorney of good standing.   He was served
with a copy of the bill, and interposed a demurrer for
both defendants.   The demurrer was overruled, an
answer filed, and a copy thereof served upon the com-
plainant's solicitors, purporting to be signed by both the
defendants.   Issue was duly joined, and the case heard
in open court upon pleadings and proofs.   Upon the
hearing, defendants' solicitor stated that Mr. Barnard was
in possession of the property, receiving a good amount of
rent therefrom; that he was anxious to receive the rent as
long as possible; and that the only controversy then was

whether the decree should date from the 25th of March, 1896, the date of the service of the subpœna upon Mr. Barnard. The date was finally agreed upon, and decree entered. A sale was made April 19, 1897, and reported to the court. The day before the order of confirmation became absolute, Mrs. Barnard filed a petition attacking the regularity of the proceedings, asserting a homestead right as against the second contract, and praying that the sale and decree be set aside, and she be permitted to file a bill of review. The prayer of the petition was denied, and the sale confirmed. From this order the defendant Mary J. Barnard appeals.

*Maher & Salsbury*, for petitioner.

*Fletcher & Wanty*, for complainant.

GRANT, J. (*after stating the facts*). The very questions which Mrs. Barnard now seeks to raise were raised in her behalf by her solicitor of record by her demurrer and answer, and were passed upon by the court. She cannot now be heard to say that she had no opportunity for defense, and that she did not authorize the employment of Mr. Walker. But, upon the merits, her claim is unconscionable; utterly devoid of either equity or justice. It is conceded that the money was advanced by Mr. Converse, and used for the sole purpose of establishing a homestead. Whether Mr. Converse so understood, it does not appear, but this is immaterial. She has, therefore, no claim in equity to a homestead right as against either of the contracts between her husband and Mr. Converse. *Fournier* v. *Chisholm*, 45 Mich. 417.

Decree affirmed, with costs. In addition to the regular costs, the defendant is decreed to pay as additional costs 6 per cent. interest on the amount of the sale from April 28, 1897, to the date of the entry of affirmance in this court.

The other Justices concurred.