DOWNING *v*: HILL.

MORTGAGES — CANCELLATION OF DISCHARGE — EQUITY — CLEAN HANDS.

That complainant wrongfully loaned to defendant funds of a fraternal society, of which she was treasurer, taking mortgages for the loan, is not a defense, on the theory that complainant does not come into equity with clean hands, in a suit to cancel discharges of such instruments executed by complainant on defendant's promise to pay the loans.

Appeal from St. Clair; Law, J. Submitted February 16, 1911. (Docket No. 106.) Decided May 8, 1911.

Bill by Amy A. Downing against Gertrude F. Hill to cancel certain mortgage discharges and reinstate the mortgages. From a decree for complainant, defendant appeals. Affirmed.

*W. L. Jenks*, for complainant.

*Moore & Wilson*, for defendant.

HOOKER, J. The complainant's bill was filed to obtain a decree setting aside the discharge of two mortgages obtained by fraud. Two defenses were interposed, one of fact and one of law.

Complainant claimed that the mortgages were given to secure money previously loaned by her to the defendant, and that she discharged them upon defendant's request and promise that defendant would execute a new mortgage to a bank, and thereby would obtain the money and pay her obligation to the complainant. This she afterwards omitted doing, and, when asked about it, denied that she was indebted to the complainant. Defendant claims that she did not owe the complainant, and that the mort-

gages were given to complainant to enable her to obtain money to settle her account as secretary of the "Ladies' Auxiliary to the Brotherhood of Railway Trainmen," which account was in arrears, and for which, defendant claims, complainant was, or was likely to be, charged with embezzlement. She testified that, after ascertaining that complainant had caused the mortgages to be recorded, she secured their discharge, and admits that she afterwards refused to aid her further.

It seems to be conceded that the loans, if made, were in small sums, and were made as a matter of accommodation between friends, and that the money was taken from the society funds. We do not find that defendant knew this, and nothing indicates an intent on the part of complainant to wrong the society. Counsel for defendant contend that, under the circumstances, the complainant does not come into equity with clean hands, and therefore is not entitled to relief. The learned circuit judge granted the prayer of complainant's bill, and defendant has appealed.

We are convinced, by what seems to us the clear preponderance of the evidence, that the decree of the learned circuit judge was a just one so far as the merits are concerned, and that the rule above asserted by counsel for defendant should not be applied in this case. The turpitude on the part of complainant in loaning funds that were not her own, if there was any, is not a matter in which the defendant is interested. The third party—*i. e.*, the society whose fund was depleted by the loan—may be interested; but its rights may be better and more certainly cared for by protecting the securities taken for the loan than by relieving the defendant from her obligations. What arrangements for the payment of complainant's obligation to the society, and what steps the latter may have taken to avail itself of the securities, if any, do not appear in this record. At all events, the defendant shows neither injury nor equities, and nothing indicates that the in-

terests of the society, or public policy, will be subserved by denying complainant relief. *City of Chicago* v. *Transit Co.*, 164 Ill. 224 (45 N. E. 430, 35 L. R. A. 281).

The decree is affirmed, with costs.

Bird, Moore, McAlvay, and Brooke, JJ., concurred.