LANE *v.* HOLMES.

1. APPEAL AND ERROR—DECREE AFFIRMED WHERE NO BRIEF FILED FOR APPELLANTS.
   Where no brief has been filed in the Supreme Court by appellants, the decree of the court below dismissing, for want of prosecution, plaintiff's bill alleging fraud in the taking of a judgment before a circuit court commissioner, must be affirmed.

2. COSTS—VEXATIOUS LITIGATION—ABUSE OF PROCESS.
   Where appellants failed to prosecute their suit in the court below, and, on appeal, failed to file a brief, and a reading of the record is convincing that the litigation on their part is dilatory, vexatious, and an abuse of process, they will be required to pay, in addition to the taxable costs, the sum of $100.

Appeal from Wayne; Mandell (Henry A.), J. Submitted January 23, 1924. (Docket No. 118.) Decided March 5, 1924.

Bill by James F. Lane and another against Ellen Holmes to set aside an order of restitution and for an injunction. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Ferguson & Ferguson,* for defendant.

MOORE, J. Plaintiffs purchased a house and lot from the defendant, on the 19th day of July, 1922, on a land contract. The land contract was in the usual form. Mr. and Mrs. Lane defaulted in their payments. The vendor in the land contract after giving notices, as required by law, filed suit before a circuit court commissioner in a summary proceeding. James F. Lane representing himself and his wife was present at the hearing on May 10, 1923, and was

heard. The circuit court commissioner entered a judgment in favor of the vendor for possession of the premises and made a finding that there was due Ellen Holmes, the vendor in said contract, the sum of $2,304.96. June 9, 1923, the plaintiffs in this case filed a bill of complaint in the circuit court for the county of Wayne, in chancery, wherein they allege fraud in the taking of the judgment before the circuit court commissioner, and obtained an injunction restraining the vendor in said land contract from taking out a writ of restitution for the premises, and prayed for an accounting. June 25, 1923, the circuit court entered an order that the injunction be dissolved unless the plaintiffs paid into court, as a tender, the amount they admitted to be due. July 9, 1923, plaintiffs claimed an appeal to the Supreme Court from this order. July 30, 1923, the case was brought on for hearing. Plaintiffs' counsel was present but the plaintiffs and appellants were not present, nor did they have any witnesses present, and the court dismissed the cause for want of prosecution. The case was then appealed to this court.

No brief has been filed in this court by the appellants. There is no testimony in the record tending to sustain the averments of the bill of complaint, and the decree of the lower court must be affirmed with costs to the appellee. A reading of the record convinces us that this litigation on the part of the plaintiffs is dilatory, vexatious and an abuse of process, and that plaintiffs should be required to pay, in addition to the taxable costs, the sum of $100, and it is so ordered. See *Petrie* v. *Torrent*, 107 Mich. 648; *Converse* v. *Barnard*, 114 Mich. 622.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.